IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-696 (GMS) |
| ) | |
| MICROSOFT CORP., SONY COMPUTER ) | **DEMAND FOR JURY TRIAL** |
| ENTERTAINMENT AMERICA LLC, SONY ) | |
| NETWORK ENTERTAINMENT AMERICA ) | |
| INC. and SONY NETWORK ) | |
| ENTERTAINMENT INTERNATIONAL ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC'S ANSWER AND DEFENSES TO PLAINTIFF WALKER DIGITAL'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Sony Network Entertainment International LLC ("SNEI") by and through its attorneys, answers Plaintiff Walker Digital, LLC's ("Plaintiff") Complaint as follows:

**JURISDICTION AND VENUE**

1. SNEI admits that Plaintiff has filed a lawsuit entitled "Complaint for Patent Infringement." SNEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and on that basis, denies them.

2. For purposes of this action, SNEI admits that this Court has subject matter jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a).

3. For purposes of this action, SNEI admits that this Court has personal jurisdiction over it. To the extent any remaining allegations of paragraph 3 of the Complaint are

directed to other entities, SNEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis, denies them.

   4.  For purposes of this action, SNEI admits that this lawsuit may be brought in this judicial district.  SNEI denies that it has committed acts of infringement in this judicial district.  To the extent any remaining allegations of paragraph 4 of the Complaint are directed to other entities, SNEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis, denies them.

## THE PARTIES

   5.  SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies them.

   6.  SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies them.

   7.  Admitted.

   8.  No response by SNEI to the allegations set forth in paragraph 8 of the Complaint is necessary because the claims against Sony Network Entertainment America Inc. ("SNEA") are being dismissed.

   9.  SNEI admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in California.

## FACTUAL BACKGROUND

*Walker Digital and the Patents*

10. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies them.

11. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies them.

12. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, denies them.

13. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, on that basis, denies them.

14. SNEI admits that Plaintiff has attached as Exhibit 1 to the Complaint a purported copy of U.S. Patent No. 6,110,041 ("the '041 Patent") issued on August 29, 2000, by the United States Patent and Trademark Office. SNEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint and, on that basis, denies them.

15. SNEI admits that Plaintiff has attached as Exhibit 2 to the Complaint a purported copy of U.S. Patent No. 6,293,866 ("the '866 Patent") issued on September 25, 2001, by the United States Patent and Trademark Office. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies them.

16. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies them.

**Defendants' Infringing Products**

17. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies them.

18. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies them.

19. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies them.

20. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies them.

21. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies them.

22. SNEI admits that third parties offer for sale and sell the PlayStation®3 console in this judicial district. SNEI denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. SNEI admits that the PlayStation®Network (PSN) and PlayStation® Plus ("Plus") service is available to certain Delaware residents. SNEI denies the remaining allegations set forth in Paragraph 23.

24. SNEI admits that third parties offer for sale and sell the PlayStation®3 console in this judicial district. SNEI denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Denied.

26. Denied.

## CLAIMS FOR RELIEF

### First Count of Defense
### The '041 Patent Against Microsoft

27. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, on that basis, denies them.

29. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies them.

### Second Count of Defense
### The '866 Patent Against Microsoft

30. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

31. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies them.

32. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies them.

### Third Count of Defense
### The '041 Patent Against SCEA

33. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

34. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and, on that basis, denies them.

35. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, on that basis, denies them.

### Fourth Count of Defense
### The '866 Patent Against SCEA

36. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

37. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and, on that basis, denies them.

38. SNEI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, on that basis, denies them.

### Fifth Count of Defense
### The '041 Patent Against SNEA

39. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

40. No response by SNEI to the allegations set forth in paragraph 40 of the Complaint is necessary because the claims against SNEA are being dismissed.

41. No response by SNEI to the allegations set forth in paragraph 41 of the Complaint is necessary because the claims against SNEA are being dismissed.

### Sixth Count of Defense
### The '041 Patent Against SNEI

42. SNEI incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

43. Denied.

44. Denied.

### DEMAND FOR RELIEF

45. In response to Plaintiff's Prayer for Relief, SNEI denies that Plaintiff is entitled to any relief sought in Paragraphs (iii) through (x) of the Prayer for Relief.

46. Any remaining allegations in the Complaint that are not expressly admitted are denied.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, SNEI alleges and asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that SNEI has the burden of proving the matter asserted. SNEI hereby reserves its rights to supplement with additional defenses as discovery proceeds in this matter

### **First Affirmative Defense**

47. SNEI has not infringed, and does not infringe, either literally or by application of the doctrine of equivalents, the '866 and '041 patents.

### **Second Affirmative Defense**

48. The '866 and '041 patents are invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

### **Third Affirmative Defense**

49. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing SNEI to continue to make, sell, offer to sell, and distribute its offerings.

### **Fourth Affirmative Defense**

50. On information and belief, Plaintiff's claims are barred in whole or in part under the principles of equity, including laches and/or waiver.

### **Fifth Affirmative Defense**

51. Plaintiff's available remedies are limited or barred by 35 U.S.C. §§ 286, 287, and/or 288.

**Sixth Affirmative Defense**

52. Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that SNEI infringes any claim of the '866 or '041 Patents.

**Seventh Affirmative Defense**

53. Plaintiff has failed to allege facts sufficient to state a cause of action and fails to state a claim upon which relief can be granted.

**PRAYER FOR RELIEF**

WHEREFORE, SNEI prays for judgment that:

1. Finds judgment in favor of SNEI and against plaintiff;

2. Dismisses Plaintiff's Complaint with prejudice;

3. A finding that this case is exceptional and award SNEI its fees and costs, including attorneys' fees incurred herein;

4. Finds judgment that SNEI has not infringed, either directly or indirectly, any valid and enforceable claim of the '866 or '041 Patents;

5. Finds judgment that the '866 and '041 Patents are invalid; and

6. Grant such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant SNEI respectfully demands a jury trial of all issues triable to a jury.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Rodger D. Smith II*

                                      Jack B. Blumenfeld (#1014)
                                      Rodger D. Smith II (#3778)
                                      1201 North Market Street
                                      P.O. Box 1347
                                      Wilmington, DE 19899
                                      (302) 658-9200
                                      jblumenfeld@mnat.com
                                      rsmith@mnat.com

OF COUNSEL:                             *Attorneys for Defendant Sony Network*
                                      *Entertainment International LLC*

Karineh Khachatourian
Bryan Sinclair
K&L GATES LLP
630 Hansen Way
Palo Alto, CA 94304
(650) 798-6700

October 10, 2011
4531453.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard D. Kirk, Esquire
> Stephen B. Brauerman, Esquire
> BAYARD, P.A.

I further certify that I caused copies of the foregoing document to be served on October 10, 2011, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Karen J. Bromberg, Esquire                                  *VIA ELECTRONIC MAIL*
Sandra C. McCallion, Esquire
Damir Cefo, Esquire
Francisco A. Villegas, Esquire
Jordan S. Adler, Esquire
Evan M. Rosenbaum, Esquire
COHEN & GRESSER LLP
800 Third Avenue
New York, NY  10022
*Attorneys for Plaintiffs*

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)