IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-696 (GMS) |
| | ) | |
| MICROSOFT CORP., SONY COMPUTER | ) | **DEMAND FOR JURY TRIAL** |
| ENTERTAINMENT AMERICA LLC, SONY | ) | |
| NETWORK ENTERTAINMENT AMERICA | ) | |
| INC. and SONY NETWORK | ) | |
| ENTERTAINMENT INTERNATIONAL | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA LLC'S
ANSWER AND DEFENSES TO PLAINTIFF WALKER DIGITAL'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Sony Computer Entertainment America LLC ("SCEA") by and

through its attorneys, answers Plaintiff Walker Digital, LLC's ("Plaintiff") Complaint as follows:

**JURISDICTION AND VENUE**

1.     SCEA admits that Plaintiff has filed a lawsuit entitled "Complaint for

Patent Infringement."  SCEA is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and on that

basis, denies them.

2.     For purposes of this action, SCEA admits that this Court has subject

matter jurisdiction over actions for patent infringement generally under 28 U.S.C. § 1338(a).

3.     For purposes of this action, SCEA admits that this Court has personal

jurisdiction over it.  To the extent any remaining allegations of paragraph 3 of the Complaint are

directed to other entities, SCEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis, denies them.

4.      For purposes of this action, SCEA admits that this lawsuit may be brought in this judicial district.  SCEA denies that it has committed acts of infringement in this judicial district.  To the extent any remaining allegations of paragraph 4 of the Complaint are directed to other entities, SCEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis, denies them.

## THE PARTIES

5.      SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and on that basis, denies them.

6.      SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and on that basis, denies them.

7.      Admitted.

8.      No response by SCEA to the allegations set forth in paragraph 8 of the Complaint is necessary because the claims against Sony Network Entertainment America Inc. ("SNEA") are being dismissed.

9.      SCEA admits that SNEI is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in California.

## FACTUAL BACKGROUND

*Walker Digital and the Patents*

10.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies them.

11.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies them.

12.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, denies them.

13.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, on that basis, denies them.

14.     SCEA admits that Plaintiff has attached as Exhibit 1 to the Complaint a purported copy of U.S. Patent No. 6,110,041 ("the '041 Patent") issued on August 29, 2000, by the United States Patent and Trademark Office.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint and, on that basis, denies them.

15.     SCEA admits that Plaintiff has attached as Exhibit 2 to the Complaint a purported copy of U.S. Patent No. 6,293,866 ("the '866 Patent") issued on September 25, 2001, by the United States Patent and Trademark Office.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies them.

16.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies them.

**_Defendants' Infringing Products_**

17.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies them.

18.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies them.

19.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies them.

20.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies them.

21.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies them.

22.     SCEA admits that third parties offer for sale and sell the PlayStation®3 console in this judicial district.  SCEA denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. SCEA admits that the PlayStation®Network ("PSN") and PlayStation® Plus ("Plus") service is available to certain Delaware residents. SCEA denies the remaining allegations set forth in Paragraph 23.

24. SCEA admits that third parties offer for sale and sell the PlayStation®3 console in this judicial district. SCEA denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Denied.

26. Denied.

## CLAIMS FOR RELIEF

### First Count of Defense
### The '041 Patent Against Microsoft

27. SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, on that basis, denies them.

29. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies them.

### Second Count of Defense
### The '866 Patent Against Microsoft

30. SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

31.      SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies them.

32.      SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies them.

**Third Count of Defense**
**The '041 Patent Against SCEA**

33.      SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

34.      Denied.

35.      Denied.

**Fourth Count of Defense**
**The '866 Patent Against SCEA**

36.      SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

37.      Denied.

38.      Denied.

**Fifth Count of Defense**
**The '041 Patent Against SNEA**

39.      SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

40.      No response by SCEA to the allegations set forth in paragraph 40 of the Complaint is necessary because the claims against SNEA are being dismissed.

41.     No response by SCEA to the allegations set forth in paragraph 41 of the Complaint is necessary because the claims SNEA are being dismissed.

### Sixth Count of Defense
### The '041 Patent Against SNEI

42.     SCEA incorporates by reference its responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

43.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and, on that basis, denies them.

44.     SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and, on that basis, denies them.

### DEMAND FOR RELIEF

45.     In response to Plaintiff's Prayer for Relief, SCEA denies that Plaintiff is entitled to any relief sought in Paragraphs (iii) through (x) of the Prayer for Relief.

46.     Any remaining allegations in the Complaint that are not expressly admitted are denied.

### AFFIRMATIVE DEFENSES

47.     Subject to the responses above, SCEA alleges and asserts the following affirmative defenses to the Complaint.  Assertion of such a defense is not a concession that SCEA has the burden of proving the matter asserted.  SCEA hereby reserves its rights to supplement with additional defenses as discovery proceeds in this matter.

**First Affirmative Defense**

48.     SCEA has not infringed, and does not infringe, either literally or by application of the doctrine of equivalents, the '866 and '041 patents.

**Second Affirmative Defense**

49.     The '866 and '041 patents are invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

**Third Affirmative Defense**

50.     On information and belief, Plaintiff's claims are barred in whole or in part under the principles of equity, including laches and/or waiver.

**Fourth Affirmative Defense**

51.     Plaintiff's available remedies are limited or barred by 35 U.S.C. §§ 286, 287, and/or 288.

**Fifth Affirmative Defense**

52.     Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that SCEA infringes any claim of the '866 or '041 Patents.

**Sixth Affirmative Defense**

53.     Plaintiff has failed to allege facts sufficient to state a cause of action and fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, SCEA prays for judgment that:

1.      Finds judgment in favor of SCEA and against plaintiff;

2.      Dismisses Plaintiff's Complaint with prejudice;

3.      A finding that this case is exceptional and award SCEA its fees and costs, including attorneys' fees incurred herein;

4.      Finds judgment that SCEA has not infringed, either directly or indirectly, any valid and enforceable claim of the '866 or '041 Patents;

5.      Finds judgment that the '866 and '041 Patents are invalid; and

6.      Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant SCEA respectfully demands a jury trial of all issues triable to a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant Sony Computer Entertainment America LLC*

OF COUNSEL:

Karineh Khachatourian
Bryan Sinclair
K&L GATES LLP
630 Hansen Way
Palo Alto, CA  94304
(650) 798-6700

October 10, 2011
4531426.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard D. Kirk, Esquire
> Stephen B. Brauerman, Esquire
> BAYARD, P.A.

I further certify that I caused copies of the foregoing document to be served on October 10, 2011, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                      *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Karen J. Bromberg, Esquire                                    *VIA ELECTRONIC MAIL*
Sandra C. McCallion, Esquire
Damir Cefo, Esquire
Francisco A. Villegas, Esquire
Jordan S. Adler, Esquire
Evan M. Rosenbaum, Esquire
COHEN & GRESSER LLP
800 Third Avenue
New York, NY  10022
*Attorneys for Plaintiffs*

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)