# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT, CORP.; SONY COMPUTER ENTERTAINMENT AMERICA, LLC; SONY NETWORK ENTERTAINMENT AMERICA, INC.; and SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC,<br><br>　　　　　　Defendants. | C.A. No. 11-696-GMS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIM TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Microsoft Corporation ("Microsoft"), by and through its attorneys, hereby answers the Complaint for Patent Infringement of Plaintiff Walker Digital, LLC ("Walker Digital"). Microsoft denies each and every allegation in the Complaint that is not expressly admitted below. Microsoft specifically responds as follows:

### JURISDICTION AND VENUE

1.　　Microsoft admits that the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code. Microsoft denies any remaining allegations in paragraph 1.

2.　　Microsoft admits the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Microsoft denies any remaining allegations in paragraph 2.

3. Solely for the purposes of this matter, Microsoft does not contest personal jurisdiction in this District. Microsoft denies that it has committed any acts of infringement within this or any other district and denies any remaining allegations of paragraph 3.

4. Solely for the purposes of this matter, Microsoft admits that, with respect to Microsoft, venue is proper in the District of Delaware. To the extent that paragraph 4 seeks admission by Microsoft with respect to its co-defendants in this matter, Microsoft is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same. Microsoft denies that this is the most convenient venue for this action.

## PARTIES

5. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies them.

6. Microsoft admits the allegations of paragraph 6 of the Complaint.

7. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

10. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies them.

12. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies them.

13. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies them.

14. Microsoft admits that U.S. Patent No. 6,110,041 ("the '041 patent") is entitled "Method And System For Adapting Gaming Devices To Playing Preference." Microsoft admits that Exhibit 1 appears to be a copy of the '041 patent, but lacks sufficient information to verify its authenticity. Microsoft denies that the '041 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 14, and therefore denies them.

15. Microsoft admits that U.S. Patent No. 6,293,866 ("the '866 patent") is entitled "System For Adapting Gaming Devices To Playing Preference." Microsoft admits that Exhibit 2 appears to be a copy of the '866 patent, but lacks sufficient information to verify its authenticity. Microsoft denies that the '866 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 15, and therefore denies them.

16. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and therefore denies them.

*Defendants' Infringing Products*

17. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Microsoft denies the allegations in paragraph 19 of the Complaint that are directed towards Microsoft.

20. Microsoft denies the allegations in paragraph 20 of the Complaint that are directed towards Microsoft.

21. Microsoft denies the allegations in paragraph 21 of the Complaint that are directed towards Microsoft.

22. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies them.

23. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies them.

24. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies them.

25. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 25 of the Complaint and therefore denies them.

26. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 26 of the Complaint and therefore denies them.

## **CLAIMS FOR RELIEF**

### **First Count of Infringement**
### **The '041 Patent Against Microsoft**

27. Microsoft incorporates by reference its responses to paragraphs 1–26 as if repeated verbatim.

28. Microsoft denies the allegation in paragraph 28 of the Complaint that are directed towards Microsoft.

29. Microsoft denies the allegation in paragraph 29 of the Complaint that are directed towards Microsoft.

## Second Count of Infringement
## The '866 Patent Against Microsoft

30. Microsoft incorporates by reference its responses to paragraphs 1–26 as if repeated verbatim.

31. Microsoft denies the allegation in paragraph 31 of the Complaint that are directed towards Microsoft.

32. Microsoft denies the allegation in paragraph 32 of the Complaint that are directed towards Microsoft.

## Third Count of Infringement
## The '041 Patent Against SCEA

33. Microsoft incorporates by reference its responses to paragraphs 1-26 as if repeated verbatim.

34. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 34 of the Complaint and therefore denies them.

35. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 35 of the Complaint and therefore denies them.

## Fourth Count of Infringement
## The '866 Patent Against SCEA

36. Microsoft incorporates by reference its responses to paragraphs 1-26 as if repeated verbatim.

37. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies them.

38. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 38 of the Complaint and therefore denies them.

## Fifth Count of Infringement
## The '041 Patent Against SNEA

39. Microsoft incorporates by reference its responses to paragraphs 1-26 as if repeated verbatim.

40. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 40 of the Complaint and therefore denies them.

41. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies them.

## Sixth Count of Infringement
## The '041 Patent Against SNEI

42. Microsoft incorporates by reference its responses to paragraphs 1-26 as if repeated verbatim.

43. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 44 of the Complaint and therefore denies them.

## PRAYER FOR RELIEF

Microsoft denies that Walker Digital is entitled to any relief from Microsoft or the Court, either as prayed for in the Complaint or otherwise.

**DEMAND FOR JURY TRIAL**

This paragraph sets forth Walker Digital's request for a jury trial, to which no response is required. To the extent any admission or denial may be required, Microsoft admits that Plaintiff purports to request a trial by jury of any issues so triable by right.

**AFFIRMATIVE DEFENSES**

45.     Further answering the Complaint, Microsoft asserts the following affirmative defenses. In doing so, Microsoft does not assume the burden of proof with respect to those related matters for which, pursuant to law, Plaintiff bears the burden. In addition to the affirmative defenses described below, Microsoft specifically reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

**First Defense**

46.     Microsoft does not infringe and has not infringed (not directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '041 or '866 patents.

**Second Defense**

47.     The claims of the '041 and '866 patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Codes, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

**Third Defense**

48.     Walker Digital's claim for damages, if any, against Microsoft for alleged infringement of the '041 or '866 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fourth Defense

49. Walker Digital is estopped from construing the claims of the '041 or '866 patents in such a way as to encompass subject matter disclaimed by the amendments and/or arguments that it made in order to obtain allowance of the '041 or '866 patents.

### Fifth Defense

50. Walker Digital is not entitled to any injunctive relief because any injury to Walker Digital is neither immediate nor irreparable and because Walker Digital LLC has adequate remedies at law.

### Sixth Defense

51. Walker Digital pled no valid basis for finding an exceptional case.

### Seventh Defense

52. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the '041 or '866 patents.

### Eighth Defense

53. Walker Digital's Complaint fails to state a claim upon which relief can be granted.

### Ninth Defense

54. Walker Digital's Complaint fails to state a claim of indirect infringement upon which relief can be granted.

### Tenth Defense

55. Walker Digital's claims are unenforceable due to laches because of Walker Digital's unreasonable delay in asserting the '041 or '866 patents.

### Eleventh Defense

56. Walker Digital's claims are barred in whole or in part by the doctrine of disclaimer.

### Twelfth Defense

57. On information and belief, Microsoft has not engaged in any conduct that entitles Walker Digital to attorneys' fees or costs.

### Thirteenth Defense

58. Walker Digital's claims are barred in whole or in part due to Walker Digital's failure to mitigate damages, if any.

### Fourteenth Defense

59. Walker Digital's claims are barred in whole or in part by the doctrines of waiver, unclean hands, equitable estoppel, estoppel, and/or prosecution history estoppel.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Microsoft, for its Counterclaims against Walker Digital, alleges as follows:

### THE PARTIES

60. Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, WA, 98052-6399.

61. Upon information and belief, Plaintiff Walker Digital, LLC is a limited liability company with its principal place of business located 2 High Ridge Park, Stamford, Connecticut 06905.

## JURISDICTION AND VENUE

62. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and by virtue of Walker Digital's admissions in the Complaint that venue is proper in this District.

63. This Court has personal jurisdiction over Walker Digital under 28 U.S.C. § 1391(b) and (c), and Federal Rule of Civil Procedure 13(a)(1).

64. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and Federal Rule of Civil Procedure 13(a)(1).

## COUNT I
### Declaratory Judgment of Non-Infringement of the '041 Patent

65. Microsoft restates and incorporates by reference its allegations in paragraphs 60-64 of its Answer and Counterclaims.

66. An actual case or controversy exists between Microsoft and Walker Digital as to whether the '041 patent is infringed by Microsoft.

67. A judicial declaration is necessary and appropriate so that Microsoft may ascertain its rights regarding the '041 patent.

68. Microsoft has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '041 patent.

## COUNT II
### Declaratory Judgment of Invalidity and/or Unenforceability of the '041 Patent

69. Microsoft restates and incorporates by reference its allegations in paragraphs 60-64 of its Counterclaims.

70. The '041 patent is invalid under 35 U.S.C. § 101 because it fails to claim patentable subject matter insofar as it seeks to claim an abstract idea.

71. The '041 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

## COUNT III
### Declaratory Judgment of Non-Infringement of the '866 Patent

72. Microsoft restates and incorporates by reference its allegations in paragraphs 60-64 of its Answer and Counterclaims.

73. An actual case or controversy exists between Microsoft and Walker Digital as to whether the '866 patent is infringed by Microsoft.

74. A judicial declaration is necessary and appropriate so that Microsoft may ascertain its rights regarding the '866 patent.

75. Microsoft has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '866 patent.

## COUNT IV
### Declaratory Judgment of Invalidity and/or Unenforceability of the '866 Patent

76. Microsoft restates and incorporates by reference its allegations in paragraphs 60-64 of its Counterclaims.

77. The '866 patent is invalid under 35 U.S.C. § 101 because it fails to claim patentable subject matter insofar as it seeks to claim an abstract idea.

78. The '866 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

## EXCEPTIONAL CASE

79. On information and belief, this is an exceptional case entitling Microsoft to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Walker Digital's assertion of the '041 and '866 patents against Microsoft with the knowledge that Microsoft does not infringe any valid or enforceable claim of the '041 or '866 patents and/or that the '041 and '866 patents are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment as follows:

a. A judgment dismissing Walker Digital's Complaint against Microsoft with prejudice;

b. A judgment declaring that Microsoft has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the '041 and '866 patents;

c. A judgment declaring that the '041 and '866 patents are invalid and unenforceable;

d. A judgment declaring that Microsoft has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '041 or '866 patents.

e. A judgment declaring that this case is exceptional and an award of reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f. A judgment limiting or barring Walker Digital's ability to enforce the '041 or '866 patents in equity;

g. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Microsoft demands a trial by jury on all issues so triable.

Dated: October 17, 2011

FISH & RICHARDSON P.C.

By: */s/ Lauren Murphy Pringle*
William J. Marsden, Jr. (#2247)
Lauren Murphy Pringle (#5375)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607
marsden@fr.com
pringle@fr.com

**ATTORNEY FOR DEFENDANT
MICROSOFT CORPORATION**